# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:09-cr-43 |
| | ) | 2:13-cv-396 |
| JUSTIN PHILLIP CEPHUS, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) "Motion for Reconsideration," filed by Defendant, Justin Cephus, on March 3, 2014 (DE #530); (2) "Motion for Reconsideration," filed by Defendant, Justin Cephus, on March 24, 2014 (DE #538); and (3) Motion of Clarification, filed by Defendant, Justin Cephus, on April 7, 2014 (DE #541). For the following reasons, both motions for reconsideration (DE ## 530, 538) are **DENIED.** To the extent the Motion for Clarification (DE #541) requests a 90 day extension to file another memorandum in support of his section 2255 Petition, it is also **DENIED.**

BACKGROUND

Under section 2255, Justin Cephus had one year from the date on which "the judgment of conviction [became] final" in which to bring a post conviction motion. 28 U.S.C. § 2255(f)(1). The

Supreme Court denied Justin Cephus' petition for a writ of certiorari on November 5, 2012. *See Justin Cephus v. United States*, Appeal No. 12-6626, 133 S. Ct. 588 (Mem) (Nov. 5, 2012). Thus, Justin Cephus had until November 5, 2013, to file his section 2255. Cephus did indeed file his Section 2255 motion on November 5, 2013 (DE #494), and he also filed a motion in which he argued he needed additional time to file a memorandum of law in support of the grounds set forth in his Section 2255 Petition. (DE #495.) Cephus claimed he was just receiving all of his court documents he needed for his memorandum due to new rules on receiving legal documents in the BOP. The Government objected, arguing Cephus should not be afforded the protection provided by 28 U.S.C. § 2255(f)(2), without identifying the rule change, explaining when it took effect, explaining what documents he needed, and why they support his Section 2255 Petition. (DE #497.) In its order dated December 10, 2013, this Court noted that while the Government may technically be correct, because Cephus timely filed his 2255 Motion, and filed his request for an extension of time to file his memorandum on the same day, in the best interests of justice, the Court granted the extension of time for Cephus to prepare his memorandum of law in support of his motion. (DE #506.) Cephus requested a 60-day extension, and this Court granted the request, making the deadline for his memorandum in support January 5, 2014.

Cephus filed his memorandum in support of his section 2255

petition on January 13, 2014. (DE #512.) Then, in two motions dated January 21, 2014, and January 22, 2014 (DE ##516, 517), Cephus asked for leave to withdraw his memorandum of law and to replace it with a new memorandum, which he claimed he needed an additional 180 days to prepare. Cephus stated he was just receiving Court documents, and that inmates are only permitted to review certain Court documents in the presence of their Unit Team Staff, which requires scheduling. (DE #517.) The Government opposed the request, noting that Cephus did not specify the document or groups of documents to which he just received access. (DE #523.)

In an order dated February 18, 2014 (DE #525), this Court denied Cephus' motion to withdraw and re-file his memorandum in support of his section 2255 petition within 6 months. Cephus currently moves to reconsider this Order (DE #525). In the order, this Court noted, among other things, that Cephus did not explain how suddenly having access to new documents will enable him to make or support an argument not previously raised or supported in his Court filings, or why he needed six more months to prepare another memorandum. Additionally, the Court found requiring inmates to schedule an appointment to see certain materials would not alone rise to the level of a Constitutional or legal deprivation. Ultimately, the Court did not believe Cephus satisfied the equitable tolling requirements of § 2255(f)(2). The Court already

gave Cephus the benefit of the doubt and granted his requested 60-day extension of time in which to file his memorandum - it did not believe an additional six months to prepare a different memorandum was warranted.

DISCUSSION

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982).  A motion for reconsideration performs a valuable function where:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.  Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

However, motions to reconsider "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the [motion]."  *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

In other words, the parties cannot introduce evidence previously available, but not used in the prior proceeding. *See Roche Diagnostics Corp. v. Bayer Corp.*, 247 F. Supp. 2d 1065, 1068 (S.D. Ind. 2003). Motions for reconsideration are also not vehicles for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse*, 90 F.3d at 1264 (citations omitted).

Here, Cephus largely rehashes arguments he already made to the Court.[1] First, he argues that this Court did not consider the facts submitted in his reply brief (DE #526, filed on February 18, 2014, the same day as this Court's order (DE #525).) This Court has specifically reviewed this reply memorandum, and it would not have changed the outcome of this Court's refusal to allow Cephus to retract his section 2255 memorandum and file another one within 6 months.[2] In his reply memorandum, Cephus gives more detail about the USP Tuscon policy that required inmates to request permission and to schedule time to review documents, for example the P.S.I.

---

[1] The first motion for reconsideration asks the Court to reconsider "and/or notice of appeal." (DE #530, p. 1.) The Clerk docketed the appeal, which is case number 14-1505 in front of the Seventh Circuit. This order deals with Cephus' request for reconsideration.

[2] In his Motion for Clarification (DE #541), Cephus claims "in the interim past 30 days the defendant has been able to review certain documents and is simply awaiting the redacted grand jury transcripts from counsel, which the defendant will have within 28 days and thus the defendants initial request for a 180 day extension is now a request for a 90 day extension." (DE #541, p. 3.)

(DE #526, p. 2.)  Cephus claims he was "on schedule" for this policy until he had a recent transfer, and now has a new case manager and counselor which were replaced on March 15, 2014.  *Id.*

28 U.S.C. § 2255(f)(2) governs the period of time prisoners have to file a Section 2255 petition if their filing is somehow impeded by the Government.  *See* 28 U.S.C. § 2255(f)(2).  It provides prisoners the "benefit of a full year..." after the alleged impediment caused by the government is removed. *Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011).  In the instant motions for reconsideration, Cephus claims "Government action is the sole of the delay" and contends that the presentence reports and other documents were withheld by staff, and required making an appointment, and that the prison was on lockdown for 7 days.  (DE #530, pp. 2-3; DE #538, pp. 2-3.)  As the Court noted in *United States v. Davis*, No. 13 C 50360, 2014 WL 1047760, at *4 (N.D. Ill. Mar. 18, 2014) (quoting *Moore v. Battaglia*, 476 F.3d 504, 506-07 (7th Cir. 2007)), "[w]hile the Seventh Circuit has not expressly defined what constitutes an 'impediment' for the purposes of Section 2255(f)(2), it has determined that 'an impediment must prevent a prisoner from filing his petition.'"  In this case, Cephus timely filed his section 2255 Petition, and after requesting and receiving a 60-day extension from this Court to file an accompanying memorandum, did indeed file a 12-page memorandum of law setting forth three issues in detail, and including legal

argument and many legal citations. (*See* DE #512.) Thus, the Court does not believe that the prison policy requiring inmates to schedule a time to review documents, or the fact that Cephus' case manager and counselor were being replaced on March 15, 2014 (well after the deadline for filing his petition), constitute an unconstitutional impediment. Accordingly, the Court still finds that 28 U.S.C. § 2255 is not applicable to Cephus.

In his motions to reconsider, Cephus also argues that "equitable tolling requires satisfaction of justification for delay." (DE #530, p. 3; DE #538, p. 3.) Equitable tolling is only available when a habeas petitioner can show he has been "pursuing his rights diligently and some extraordinary circumstance stood in the way of filing a petition." *Davis*, 2014 WL 1047760, at *6 (citing *Weddington v. Zatecky,* 721 F.3d 456, 464 (7th Cir. 2013)). As the Court stated in *Nolan*, "[e]quitable tolling of the statute of limitations is such exceptional relief that we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). Additionally, in *Modrowski v. Mote*, 322 F.3d 965, 967-68 (7th Cir. 2003), the Seventh Circuit listed circumstances where equitable tolling did not apply: (1) prisoner's lack of access to trial transcript; (2) lack of response from attorney; (3) language barrier; (4) lack of legal knowledge; (5) transfer between prisons; (6) unclear law; (7) death of

attorney's father; (8) attorney negligence; and (9) attorney's incapacity.  Requiring prisoners to make appointments in advance to review paperwork, the change of a case manager and counselor, and an alleged 7-day lockdown, do not justify equitable tolling.  To the extent Cephus requests a hearing on this matter, the request is also denied.

CONCLUSION

For the following reasons, both motions for reconsideration (DE ##530, 538) are **DENIED**.  The Motion for Clarification (DE #541), to the extent it requests an additional 90 days to file another memorandum in support of his Section 2255 Petition, is also **DENIED.**


DATED: April 14, 2014            /s/ RUDY LOZANO, Judge
                                 **United States District Court**

8