**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:09-cr-43 |
| | ) | 2:13-cv-396 |
| | ) | |
| JUSTIN PHILLIP CEPHUS, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Motion for Appealability and Reconsideration," filed by Petitioner, Justin Cephus, on March 10, 2015 (DE #615). The request for reconsideration is **DENIED FOR LACK OF JURISDICTION**. The request for appealability, or to file a notice of appeal, is also **DENIED**.

BACKGROUND

On February 4, 2015, this Court entered an opinion and order denying Cephus' motion under 18 U.S.C. § 2255, denying several related motions, denying his request for an evidentiary hearing, and declining to issue a certificate of appealability. (DE #608.) In the current motion "for appealability and reconsideration," Cephus briefly rehashes many arguments he made in the voluminous briefing of his section 2555 and related motions.

DISCUSSION

When a motion is brought requesting reconsideration of a final judgment, a court must first determine whether it has jurisdiction to entertain the motion. Under certain circumstances, a motion for reconsideration motion must be treated as a successive habeas petition. *See Dunlap v. Litscher*, 301 F.3d 873, 875-76 (7th Cir. 2002); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b).") If a motion for reconsideration is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244; *Dunlap*, 301 F.3d at 875 (noting that 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding."). The Seventh Circuit has explained the Supreme Court's position on such motions as follows:

> *Gonzalez* [*v. Crosby*, 545 U.S. 524 (2005)] holds that a motion under Fed.R.Civ.P. 60(b) must be treated as a collateral attack when the prisoner makes a 'claim' within the scope of § 2244(b). This means, the Court concluded, that a procedural argument (say,

2

> one about the statute of limitations) raised using Rule 60(b) is not a new collateral attack, but that an objection to the validity of the criminal conviction or sentence is one no matter how it is couched or captioned. See also, e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000). The reasoning of *Gonzalez* does not depend on which rule the prisoner invokes; its approach is as applicable to post-judgment motions under Fed.R.Crim.P. 6(e) as it is to motions under Rule 60(b).

*U.S. v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).

In this case, Cephus does not argue that there were any procedural defects in the proceedings related to the Court's decision to deny relief under section 2255. Rather, his motion for reconsideration simply lists arguments he previously made. As such, Cephus' motion is a successive claim for relief under section 2255, for which he must obtain leave to file from the Seventh Circuit Court of Appeals. 28 U.S.C. § 2255(h). This Court lacks jurisdiction to hear Stewart's motion for reconsideration, and it must be **DISMISSED**.

This Court has already denied Cephus a certificate of appealability. (DE #608, pp. 29-30.) A certificate of appealability may only issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because this motion is an unauthorized successive collateral attack, this Court cannot treat it as a notice of appeal, and cannot issue a certificate of appealability.

*See Sveum v. Smith*, 403 F.3d 447 (7th Cir. 2005).

CONCLUSION

For the reasons set forth below, in the "Motion for Appealability and Reconsideration," filed by Petitioner, Justin Cephus (DE #615), the request for reconsideration is **DENIED FOR LACK OF JURISDICTION** and the request for appealability, or to file a notice of appeal, is also **DENIED**.

**DATED:    April 8, 2015**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**